# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TREVIS JOEL FREEMAN,**

    **Plaintiff,**

    v.                                      **CASE NO. 17-3046-SAC**

**IKE DYE, et al.,**

    **Defendants.**

## ORDER

    Plaintiff, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2017, the Court directed the Montgomery County Department of Corrections ("MCDOC") to prepare a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and directed the clerk of court to serve summonses for Defendants Dye, Johns, Garcia and Coughlin. (Doc. 9.) Service was returned executed by Defendants Johns and Garcia. (Docs. 10, 11.) Service was returned unexecuted by Defendants Coughlin and Dye. (Docs. 12, 13.) Interested Party MCDOC filed the *Martinez* Report on February 23, 2018. (Doc. 20.) The Report includes affidavits by Defendants Coughlin and Dye, and indicates that they no longer work for the Montgomery County Detention Facility. (Doc. 20, at Exs. 4, 5.) In order to secure service on Defendants Coughlin and Dye, the Court directs counsel for MCDOC to submit under seal any current or last known address information for Defendants Coughlin and Dye to the clerk of court by March 5, 2018.

    Plaintiff has requested appointment of counsel in this case (Doc. 19). Plaintiff states that he will need counsel appointed because he is indigent. The Court has considered Plaintiff's

motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT that** Plaintiff's request for appointment of counsel (Doc. 19) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that counsel for KDOC shall submit under seal the current or last known address information for Defendants Coughlin and Dye to the clerk of court by **March 5, 2018.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 23rd day of February, 2018.**

>                          **s/ Sam A. Crow**
>                          **SAM A. CROW**
>                          **U. S. Senior District Judge**